ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ECHEANDÍA INVESTMENT, INC., COLLEAGUES INVESTMENT LLC., HÉCTOR RUIZ VÉLEZ Y FERNANDO ECHEANDÍA FUSTER<br><br>Demandante-Recurrido<br><br>vs.<br><br>**AG PROPERTIES, LLC., UNIVERSAL PROPERTIES REALTY GOVERNMENT SERVICES, LLC.**, TERESA RAMOS H/N/C TERESA'S REALTY, **ABRAHAM FREYRE**, ANDRES REYES, ADRIAN GONZALEZ, ASEGURADORA XYZ, Y JUAN DEL PUEBLO<br><br>Demandados-Peticionarios<br><br>vs.<br><br>MUNICIPIO AUTÓNOMO DE GUAYAMA<br><br>Tercero Demandado-Recurrido | TA2026CE00454 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de Guayama<br><br>Caso Núm.: GM2023CV01005<br><br>Sobre: Incumplimiento de contrato; cobro de dinero; daños y perjuicios; nulidad de contrato |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2026.

Comparecen ante nos Universal Properties Realty Government Services, LLC (en adelante, Universal); AG Properties, LLC (en adelante, AG Properties); y el Sr. Abraham Freyre Medina (en adelante, señor Freyre y, junto a Universal y a AG Properties, los peticionarios) mediante una *Petición de Certiorari* presentada el 13 de abril de 2026 y nos solicitan que revisemos una *Resolución Interlocutoria* emitida y notificada el 12 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, TPI o foro primario). Mediante esta, el foro primario declaró Sin Lugar la moción

solicitando reconsideración y relevo de orden sobre anotación de rebeldía y eliminación de alegaciones que presentó la parte peticionaria el 25 de febrero de 2026.

Por los fundamentos que exponemos a continuación, desestimamos el auto de *certiorari* solicitado.

**I.**

El 12 de diciembre de 2023, Echeandía Investment, Inc., Colleagues Investment LLC, Héctor Ruiz Vélez y Fernando Echeandía Fuster (en adelante y en conjunto, demandantes o recurridos) presentaron una *Demanda*[1] sobre incumplimiento de contrato, cobro de dinero, daños y perjuicios y nulidad de contrato contra varias partes, entre ellas Universal, AG Properties y el señor Freyre.

El 8 de marzo de 2024, el señor Freyre presentó su *Contestación a la Demanda*[2]. Ese mismo día, Universal presentó una *Demanda de tercero contra el Municipio Autónomo de Guayama*[3].

El 26 de junio de 2024, Universal y AG Properties presentaron *Contestación a la Demanda*[4].

El 5 de julio de 2024, el Municipio Autónomo de Guayama (en adelante, Municipio o recurrido) presentó su contestación a la demanda contra tercero e instó una reconvención contra Universal y AG Properties, así como contra sus dueños y accionistas, el señor Freyre, el señor Adrián González y el señor Andrés Reyes.[5]

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.
[2] Entrada Núm. 27 del SUMAC del TPI.
[3] Entrada Núm. 28 del SUMAC del TPI.
[4] Entrada Núm. 50 del SUMAC del TPI.
[5] Entrada Núm. 58 del SUMAC del TPI. Tanto el señor Adrián González como el señor Andrés Reyes ya habían sido incluidos como partes demandadas en la *Demanda* original interpuesta por los demandantes.

Más adelante, el 27 de noviembre de 2024, Universal, AG Properties y el señor Freyre presentaron una *Contestación a reconvención de demanda contra tercero*[6].

Durante el trámite del caso surgieron reiteradas controversias relacionadas con el descubrimiento de prueba. El 21 de agosto de 2024, el Municipio presentó una solicitud de orden para que los peticionarios cumplieran con la producción de documentos que, según expresó, había sido solicitado desde mayo de 2024.[7]

El 12 de septiembre de 2024, los demandantes presentaron una moción solicitando sanciones bajo la Regla 34.5 contra Universal y AG Properties por no haber contestado el interrogatorio cursado el 15 de julio de 2024.[8] El Municipio se unió a esa solicitud de sanciones e informó, además, incumplimiento con el descubrimiento de prueba solicitado por dicho tercero demandado.[9]

Luego, el 1 de octubre de 2024, el Municipio presentó una *Solicitud de severas sanciones económicas en contra de Universal Properties y AG Properties*[10], en la que expuso que el foro primario ya había requerido en dos ocasiones que dichas partes expresaran su posición en torno al incumplimiento imputado en el descubrimiento de prueba y que no habían cumplido.

Posteriormente, en atención a nuevas reclamaciones presentadas por las partes recurridas, el 2 de enero de 2025, el TPI emitió una *Resolución sobre Sanciones*[11], en la que impuso sanciones de $200.00 a cada uno de los representantes legales de los peticionarios, el Lcdo. Morales Schmidt y el Lcdo. Iván Rivera Reyes, por el incumplimiento de Universal y AG Properties

---

[6] Entrada Núm. 143 del SUMAC del TPI.
[7] Entrada Núm. 70 del SUMAC del TPI.
[8] Entrada Núm. 88 del SUMAC del TPI.
[9] Entrada Núm. 89 del SUMAC del TPI.
[10] Entrada Núm. 102 del SUMAC del TPI.
[11] Entrada Núm. 159 del SUMAC del TPI.

con el descubrimiento de prueba, y concedió un término adicional de diez (10) días para cumplir con lo ordenado.

En esa ocasión, el foro primario apercibió a los peticionarios que, en caso de incumplimiento, impondría sanciones adicionales, "incluyendo la eliminación de las alegaciones y anotación de rebeldía", y dispuso que se notificara a las partes peticionarias a su dirección de récord.

El 10 de febrero de 2025, el TPI emitió una nueva *Resolución Interlocutoria*[12] dirigida al Lcdo. Morales Schmidt, en la que consignó que continuaba recibiendo reclamos de incumplimiento relacionados con el descubrimiento de prueba, y concedió a la parte peticionaria un término de diez (10) días para producir toda la prueba documental solicitada en los meses anteriores, apercibiendo nuevamente sobre la imposición de severas sanciones en caso de incumplimiento.

Luego de varios incidentes procesales, el 17 de diciembre de 2025, el Municipio presentó una moción solicitando que se ordenara el cumplimiento con la producción de documentos, alegando que los requerimientos cursados desde abril y diciembre de 2024 no habían sido contestados de manera particularizada.[13]

El 19 de diciembre de 2025, los peticionarios comparecieron sosteniendo que habían entregado toda la documentación disponible y que no existían documentos adicionales.[14]

El 29 de diciembre de 2025, el foro primario relevó al Lcdo. Morales Schmidt como representante de Universal, AG Properties, el señor Freyre y de Teresa Ramos (otra de las codemandadas) y les concedió un término adicional para anunciar nueva representación legal.[15] Además, en atención a una moción de réplica presentada por el Municipio alegando que Universal

---

[12] Entrada Núm. 191 del SUMAC del TPI.
[13] Entrada Núm. 247 del SUMAC del TPI.
[14] Entrada Núm. 249 del SUMAC del TPI.
[15] Entrada Núm. 254 del SUMAC del TPI.

no había cumplido con entregar la documentación solicitada, el TPI emitió una *Orden*[16] mediante la cual le impuso una sanción de $300.00 a la parte demandada y les concedió un término final de veinte (20) días "para contestar el descubrimiento de prueba de manera precisa y detallada; so pena de eliminar defensas o anotarle la rebeldía".

El 31 de diciembre de 2025, la parte demandante presentó una solicitud para que se ordenara al señor Freyre someter las contestaciones al interrogatorio que se le había cursado desde abril de 2025.[17] El 8 de enero de 2026, el foro primario emitió una *Orden*[18] en la que le impuso una sanción económica de $300.00 al señor Freyre y le ordenó "contestar el descubrimiento de prueba de manera precisa y detallada; so pena de eliminar defensas o anotarle la rebeldía".

El 21 de enero de 2026, el Municipio presentó una *Moción al Amparo de la Regla 34.3 de Procedimiento Civil, según enmendada*[19], en la que indicó que los peticionarios no habían cumplido con la sanción impuesta, no habían anunciado la nueva representación legal y tampoco habían contestado el descubrimiento de prueba solicitado. A esos efectos, solicitó que se eliminaran todas las alegaciones de Universal.

Al día siguiente, el **22 de enero de 2026**, el foro primario notificó una *Resolución Interlocutoria*[20] en la que declaró Con Lugar la solicitud del Municipio y eliminó las alegaciones del señor Freyre.

Posteriormente, el Municipio presentó una nueva solicitud para que se eliminaran las alegaciones de Universal y AG Properties debido a su reiterado incumplimiento con las órdenes del tribunal y el descubrimiento de prueba.[21]

---

[16] Entrada Núm. 256 del SUMAC del TPI.
[17] Entrada Núm. 257 del SUMAC del TPI.
[18] Entrada Núm. 264 del SUMAC del TPI.
[19] Entrada Núm. 271 del SUMAC del TPI.
[20] Entrada Núm. 272 del SUMAC del TPI.
[21] Entrada Núm. 275 del SUMAC del TPI.

El **29 de enero de 2026**, el TPI notificó una *Resolución Interlocutoria*[22] mediante la cual, "conforme al tracto procesal y las órdenes incumplidas", eliminó las alegaciones de los terceros demandantes y anotó la rebeldía a todos los codemandados reconvenidos.

A su vez, el 10 de febrero de 2026, los demandantes presentaron dos mociones para que se eliminaran las alegaciones y se anotara la rebeldía al señor Freyre, AG Properties y Universal, ambas fundamentadas en el incumplimiento de dichas partes con el descubrimiento de prueba.[23]

Ese mismo día, el **10 de febrero de 2026**, el TPI emitió dos resoluciones interlocutorias adicionales mediante las cuales: (1) ordenó la anotación de rebeldía y eliminación de alegaciones de Universal y AG Properties[24]; y (2) hizo constar la anotación de rebeldía y eliminación de alegaciones de otros codemandados, incluyendo al señor Freyre.[25]

El **25 de febrero de 2026**, los peticionarios, mediante nueva representación legal, presentaron una *Moción solicitando reconsideración y relevo de orden sobre anotación de rebeldía y eliminación de las alegaciones*[26]. En esa moción solicitaron que se reconsideraran las resoluciones emitidas el 10 de febrero de 2026 y que se les relevara de la eliminación de alegaciones y anotación de rebeldía emitidas en las resoluciones del 22 y 29 de enero de 2026 relativas a la demanda contra tercero y la reconvención del Municipio.

El 11 de marzo de 2026 la parte demandante se opuso a la solicitud de reconsideración.[27]

Finalmente, el 12 de marzo de 2026, el TPI emitió una *Resolución Interlocutoria*[28] en la que declaró **Sin Lugar** la moción de reconsideración presentada por los peticionarios.

---

[22] Entrada Núm. 277 del SUMAC del TPI.
[23] Entradas Núm. 282 y 283 del SUMAC del TPI.
[24] Entrada Núm. 286 del SUMAC del TPI.
[25] Entrada Núm. 287 del SUMAC del TPI.
[26] Entrada Núm. 302 del SUMAC del TPI.
[27] Entrada Núm. 308 del SUMAC del TPI.
[28] Entrada Núm. 309 del SUMAC del TPI.

Inconforme, el 13 de abril de 2026, la parte peticionaria presentó el recurso de epígrafe, en el que plantea el siguiente señalamiento de error:

**ERRÓ EL TPI AL DECLARAR SIN LUGAR LA MOCIÓN SOLICITANDO RECONSIDERACIÓN Y RELEVO DE ORDEN SOBRE ANOTACIÓN DE REBELDÍA Y ELIMINACIÓN DE LAS ALEGACIONES PRESENTADA POR LOS CODEMANDADOS PETICIONARIOS, NEGANDOSE A LEVANTAR LAS ANOTACIONES DE REBELDÍA Y ELIMINACIÓN DE LAS ALEGACIONES DE ESTOS RESPECTO A LA DEMANDA Y DEMANDA CONTRA TERCERO. SUMAC NÚM. 309.**

El 26 de abril de 2026, el Municipio presentó una *Solicitud de Desestimación de la Petición de Certiorari por Falta de Jurisdicción*, en la que señaló como defectos que: (1) los peticionarios no notificaron del recurso de *certiorari* a todas las partes en el caso, y (2) que la moción de reconsideración presentada por los peticionarios el 25 de febrero de 2026 fue tardía en cuanto a las resoluciones emitidas por el TPI en enero de 2026.

Por su parte, los demandantes comparecieron mediante una *Moción de Desestimación* en la que señalaron, en esencia, los mismos defectos planteados por el Municipio. A su vez, el 27 de abril de 2026, presentaron su *Alegato en Oposición al auto de Certiorari*.

El 29 de abril de 2026, la parte peticionaria presentó una *Oposición a Mociones de Desestimación*.

Posteriormente, el 13 de mayo de 2026, el Municipio presentó un escrito intitulado *Reiteración de solicitud de desestimación y alegato en oposición*.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nos.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207

(2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001).

Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372, citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation*, 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil*, supra*, dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injuction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios

evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, la Regla 40 dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

De otra parte, como norma general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo que "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

### B. Jurisdicción

Como es sabido, la jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018). Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016). Asimismo, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

Nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada. *R&B Power, Inc. v. Junta de Subastas ASG, supra*. De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364,

372 (2018). Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. *R&B Power, Inc. v. Junta de Subastas ASG, supra.*

### C. Término para presentar recurso de *Certiorari* ante el Tribunal de Apelaciones

La Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b), establece el término de cumplimiento estricto de treinta (30) días para radicar el recurso de *certiorari*. En específico la citada Regla dispone que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar **resoluciones u órdenes** del Tribunal de Primera Instancia [...] **deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida.** El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*. (Énfasis nuestro).

No obstante, dicho término de treinta (30) días admite interrupción. A esos efectos, el inciso (g) de la Regla 52.2 de Procedimiento Civil, *supra*, establece que "[e]l transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de *certiorari* se interrumpirá y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47 [de Procedimiento Civil]".

### D. Moción de Reconsideración

En lo pertinente, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone que:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, **dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.**
>
> [...]
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

> **La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.**
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. [...] (Énfasis nuestro).

En esencia, la moción de reconsideración constituye el mecanismo mediante el cual una parte adversamente afectada por una determinación judicial puede solicitar al tribunal que reevalúe su decisión antes de acudir ante el Tribunal de Apelaciones. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014), citando a *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 217 (1999). **Cuando dicha moción es presentada oportunamente y cumple con los requisitos establecidos en la Regla 47, su presentación tiene el efecto de suspender automáticamente los términos para recurrir en alzada respecto a todas las partes.** *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 1000 (2015); *Morales y otros v. The Sheraton Corp., supra*, págs. 7-8. (Énfasis nuestro). Dichos términos comenzarán a transcurrir nuevamente desde la fecha en que se archive en autos copia de la notificación de la resolución que adjudique la moción de reconsideración. *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 338 (2018), citando a *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011); *Insular Highway v. AII Co.*, 174 DPR 793, 805 (2008); *Lagares v. ELA*, 144 DPR 601, 613 (1997).

Por el contrario, **una moción de reconsideración que no cumpla con los requisitos dispuestos en la Regla 47, *supra*, será declarada sin lugar y se entenderá que no interrumpió los términos para acudir en alzada**. *Colón Burgos v. Marrero Rodríguez*, 201 DPR 330, 338 (2018). (Énfasis nuestro).

**III.**

En el presente caso, las partes recurridas sostienen que carecemos de jurisdicción para atender el recurso debido a que la moción de reconsideración presentada por los peticionarios el 25 de febrero de 2026 no tuvo efecto interruptor sobre el término para recurrir ante este Tribunal.

Les asiste la razón.

Surge del expediente que las resoluciones interlocutorias notificadas el 22 y 29 de enero de 2026 eliminaron alegaciones y anotaron la rebeldía a los peticionarios debido a su incumplimiento con las órdenes relacionadas al descubrimiento de prueba. No obstante, la reconsideración de dichas determinaciones fue presentada el 25 de febrero de 2026, luego de expirado el término de quince (15) días dispuesto en la Regla 47 de Procedimiento Civil, *supra*. En consecuencia, la reconsideración fue tardía y no tuvo efecto interruptor sobre el término para recurrir en alzada de dichas determinaciones.

Por otra parte, el 10 de febrero de 2026 el TPI emitió resoluciones interlocutorias adicionales mediante las cuales nuevamente eliminó alegaciones y anotó la rebeldía a los peticionarios. Si bien la reconsideración presentada el 25 de febrero de 2026 fue oportuna respecto a dichas determinaciones, el foro primario declaró Sin Lugar dicha moción mediante *Resolución Interlocutoria* notificada el 12 de marzo de 2026. Cabe resaltar que el 22 de enero de 2026 ya el TPI había eliminado las alegaciones del señor Freyre y el 29 de enero de 2026 había eliminado las alegaciones de los terceros demandantes y anotado la rebeldía a todos los codemandados reconvenidos.

Nuestro ordenamiento reconoce que una moción de reconsideración declarada "sin lugar" se entenderá que no interrumpió el término para recurrir. 32 LPRA Ap. V, R. 47; *Marrero Rodríguez v. Colón Burgos, supra*. Por tanto, la moción de reconsideración presentada por los peticionarios tampoco tuvo efecto interruptor respecto a las resoluciones notificadas el 10 de febrero de 2026.

En consecuencia, el término jurisdiccional para presentar el recurso de *certiorari* transcurrió sin que los peticionarios acudieran oportunamente ante este Foro.

**IV.**

Por los fundamentos antes expuestos, procede desestimar el recurso de *certiorari* presentado por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones